United States District Court
Southern District of Texas
**ENTERED**
July 11, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMERICAN LIBERTY HOSPITALITY, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-01135 |
| | § | |
| CONTINENTAL CASUALTY COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Like many businesses, American Liberty Hospitality—a company that develops restaurants and hotels in Texas and Louisiana—lost customers and revenue when state and local authorities required businesses to limit or suspend operations in the early months of Covid-19. American Liberty filed a claim for lost business revenues under its commercial insurance policy with Continental Casualty Company. Continental denied the claim, asserting that the policy did not cover American Liberty's losses from Covid-19. American Liberty sued, alleging bad faith and breach of contract. Continental moved to dismiss.

Hundreds of similar lawsuits have been filed in courts across the country, with almost no success. *See TMC Healthcare v. Continental Casualty Co.*, No. CV-21-00135, 2022 WL 2056294, at *7 n.6 (D. Ariz. Feb. 22, 2022) ("The vast majority of the hundreds of cases involving COVID-19 insurance claims have been dismissed with prejudice."). The Fifth Circuit has repeatedly rejected similar claims based on insurance plans with near-identical terms. *See Terry Black's Barbecue, L.L.C. v. State Automobile Mutual Ins. Co.*, 22 F.4th 450 (5th Cir. 2022); *Ferrer & Poirot, GP v. Cincinnati Ins. Co.*, 36 F.4th 656 (5th Cir. 2022); *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252 (5th Cir. 2022); *PS Bus. Mgmt, L.L.C. v. Fireman's Fund*

*Ins. Co.*, No. 21-30723, 2022 WL 2462065 (5th Cir. July 6, 2022); *Aggie Investments v. Continental Casualty Co.*, No. 21-40382, 2022 WL 257439 (5th Cir. Jan. 26, 2022).   American Liberty's attempts to distinguish this case from this circuit's precedent are unavailing.

American Liberty's insurance policy with Continental was effective from May 30, 2019, to May 30, 2020.   The policy provided "business interruption coverage" for losses caused by "direct physical loss of or damage to covered property," and only for the time necessary to "rebuild, repair or replace such part of the property" that "has been damaged or destroyed."   (Docket Entry No. 8-1, at 22).   The policy also provided "Civil Authority coverage" for lost business income when a civil authority prohibits access "to the Insured's Location," "but only when such order is given as a direct result of physical loss or damage to the property," and "during the period of time when as a direct result of physical loss or damage to the property . . . ingress to or egress from the Insured's Location is thereby physically prevented."   (*Id.*, at 25).

The Fifth Circuit has held that under both Texas law and Louisiana law, a "direct physical loss of property" means "a tangible alteration or deprivation of property."   *Aggie Investments*, 2022 WL 257439, at *2 (citing *Terry Black's Barbeque*, 22 F.4th at 458); *Q Clothier New Orleans*, 29 F.4th at 257 ("[T]he Louisiana Supreme Court would interpret 'direct physical loss of or damage to property' to cover only tangible alterations of, injuries to, and deprivations of property.").   In *Terry Black's Barbeque*, the Fifth Circuit held that a restaurant chain did not suffer a "direct physical loss of property" when it had to suspend dine-in services due to local and state Covid-19 regulations.   22 F.4th at 455.   The court noted that "the prohibition on dine-in services did nothing to physically deprive [the chain] of any property at its restaurants."   *Id.* at 457.   In *Q Clothier New Orleans*, the Fifth Circuit held that the government-mandated closure of Q Clothier's retail

clothing stores did not result in "tangible alterations of, injuries to, [or] deprivations of property," and did not trigger insurance coverage. *Id.* at 257–58.

American Liberty argues that this case is different because it has alleged that the virus itself, not the government closure orders, tangibly altered its properties. American Liberty alleges that Covid-19 "became affixed to the Covered Properties after infected persons were present . . . , damaged the insured properties[,] and rendered them unusable and dangerous to the public." (Docket Entry No. 10, at 20). American Liberty alleges that people infected with Covid-19 transmitted the virus "on floors, walls, furniture, desks, tables, chairs, . . . and other items of property for a period of time," and that "no amount of routine surface cleaning could have removed the aerosolized Coronavirus suspended in the air," which made the "air [and the property] dangerous and potentially lethal, and thus rendered them uninhabitable, unsafe, and unfit for their intended use." (Docket Entry No. 1-2, at 19–21). American Liberty alleges that Covid-19 "transformed" its "surfaces and objects into fomites. . . that carry, and are capable of transmitting— infectious agents, altering these objects to become vectors of disease." (*Id.*, at 24–26).

The Fifth Circuit has already rejected allegations that Covid-19 itself is a direct physical loss or damage to property. In *PS Business Management, L.L.C.*, the plaintiffs argued that "their claim for coverage survive[d] because they[] alleged that their property was physically damaged by COVID-19" in that they "lost valuable merchandise, business records, and the property of certain clients as a result of COVID-19 contamination." 2022 WL 2462065, at *3. The Fifth Circuit disagreed, stating that the "complaint is devoid of allegations explaining how [the] property was—or could be—'lost' due to 'COVID-19 contamination,'" and that the district court properly dismissed with prejudice, because "COVID-19 is a 'virus that injures people, not property.'" *Id.* at *3. Similarly, in *Ferrer & Poirot*, 36 F.4th at 648, the Fifth Circuit held that Covid-19 did not

3

cause "physical loss or damage to insured property" because "[w]hile COVID-19 has wrought great physical harm to people, it does not physically damage property within the plain meaning of 'physical.'"

A court is not required to abandon common sense in deciding whether a complaint states a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  American Liberty's theories would "render[] every sneeze, cough, or even exhale a 'structural change.'"  *Cosmetic Laser, Inc. v. Twin City Fire Ins. Co.*, 554 F. Supp. 3d 389, 407 (D. Conn. 2021).  The court acknowledges that American Liberty seeks coverage for losses that occurred between March 2020 to May 2020, early in the pandemic, when the nature of the infection was poorly understood, and many individuals were wiping everything in sight with disinfectants due to the fear of surface contamination.  These practices largely ended when it became clear that the virus was rarely, if ever, spread by touching physical objects.  At no time were American Liberty's properties physically altered by or because of Covid-19.  *See Univ. of Saint Thomas v. Am. Home Assurance Co.*, No. H-20-2809, 2021 WL 3129330, at *4–5 (S.D. Tex. July 23, 2021) ("The virus does not threaten the structures covered by property insurance policies and can be removed from surfaces with routine cleaning and disinfectant." (citation omitted)).

American Liberty has not alleged that it had to rebuild, repair, or replace, any damaged or destroyed property due to Covid-19 contamination.  Covid-19 does not require rebuilding, repairing, or replacing property; it at most requires cleaning and sanitizing.  Covid-19 may survive on objects for a very short period, but Covid-19 contamination of objects or properties is transient and does not physically alter them.  Covid-19 and government regulations may have required American Liberty to "change in the way it operated its store[s]" by temporarily closing or suspending operations, but these changes are not "direct physical losses of property."  *DZ Jewelry,*

*LLC v. Certain Underwriters at Lloyds London*, 525 F. Supp. 3d 793, 800 (S.D. Tex. 2021); *see Terry Black's Barbeque*, 22 F.4th at 455.

Because American Liberty's claims are premised on Continental's allegedly wrongful or bad faith denial of coverage, and because the court finds that American Liberty has not plausibly alleged that it was entitled to coverage, the court grants Continental's motion to dismiss. *See PS Bus. Mgmt. v. Fireman's Fund Ins. Co.*, No. 21-1229, 2021 WL 4989870, at *4 (E.D. La. Oct. 27, 2021) ("[A]s the Court finds that denial of coverage was objectively reasonable, Plaintiff's claims for bad faith must fail."); *Ferrer & Poirot GP v. Cincinnati Ins. Co.*, No. 3:20-CV-3286, 2021 WL 4260391, at *4 (N.D. Tex. Sept. 1, 2021) ("Because Plaintiffs did not assert a plausible substantive claim in their complaint, they are not entitled to relief under the Declaratory Judgment Act."). American Liberty's claims are dismissed, with prejudice, because amendment would be futile. *See Ferrer & Poirot*, 36 F.4th at 658 (affirming the district court's dismissal with prejudice). Final judgment is separately entered.

SIGNED on July 11, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge